*418 OPINION.
Love:
The issues involved in this case are purely issues of fact. When a petitioner keeps no records of his business transactions he is frequently left without means of proving exact conditions, and his memory is not sufficiently exact to enable him to supply the want of record evidence. Such is the situation in the instant case.
In 1919, the petitioner, J. E. Strong, paid in $500 to the Red River Valley Oil Co. In the same year, the company brought in a dry hole and abandoned the proposition as condemned territory. Strong got back no part of his $500 investment, except that in 1925 as a result of the purchase and sale of another lease by the trustee, on which deal a profit was made, he received as his part $80. We think it is clear that he lost his investment of $500 in 1919.
The petitioner claims to have contributed $350 to churches and other benevolent organizations in 1919. At the hearing he was able to point out specific contributions to the extent of only $10 per month, to which amount he swore. He should be allowed as a deduction the amount so identified — $120.
With reference to the contention in regard to the adjustment of income as a result of an audit of- petitioner’s bank account, that issue is much more complicated and very much less clear. The petitioner testified that of his friends’ moneys he deposited to the credit of his own account not less than $2,000. The Commissioner allowed him as offset for “ other stocks,” $2,690. The petitioner contends that the offset allowed by the Commissioner only took care of miscellaneous stock bought and sold on his own account, and did not take care of that bought and sold for his friends. But he was wholly unable, or at least failed, to point out and Identify what stock transactions were included. The record on this question does not justify us in disturbing the determination of the Commissioner as to that contention.
Judgment will be entered on 15 days notice, v/nder Rule 50.